# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| DEBORAH DALIN GOLD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-15-255-SM |
| CAROLYN W. COLVIN, Acting Commissioner Social Security Administration, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Acting Commissioner Carolyn W. Colvin (Commissioner) denied Deborah Dalin Gold's (Plaintiff) application for supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge David L. Russell referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). Doc. 3. The parties then consented to having the undersigned conduct all further proceedings, including the entry of a final judgment. Doc. 13. Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the undersigned affirms the Commissioner's decision.

## I. Administrative proceedings.

Plaintiff applied for benefits, alleging her impairments became disabling on November 5, 2009. AR 175. The Social Security Administration (SSA) initially and on reconsideration denied Plaintiff's claim. *Id.* at 109-12, 119-21. At Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 28-80. The ALJ denied Plaintiff benefits and the SSA Appeals Council declined Plaintiff's request for review, and Plaintiff now seeks review of the ALJ's final decision. *Id.* at 9-27, 1-6; Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a familiar five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she succeeds, the ALJ will conduct a residual functional

capacity (RFC)[1] assessment at step four to determine what Plaintiff can still do despite her impairments. *See* 20 C.F.R. § 416.945(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

### III. The ALJ's findings.

Following the well-established five-step inquiry, the ALJ found: Plaintiff had not engaged in substantial gainful activity since July 2, 2012, the application date, and has the severe impairments of chronic obstructive pulmonary disorder (COPD) and affective disorder. AR 12, 14. The ALJ concluded Plaintiff has the RFC to perform light work, but restricted her to work where she can avoid concentrated exposure to temperature extremes, fumes, odors, dusts, gases, or poor ventilation, and where she is required to only understand, remember, and carry out simple and detailed instructions. *Id.* at 19. The ALJ then concluded Plaintiff could perform her past relevant

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

3

work as a customer representative, (DOT No. 249.362-026), and, so, was not disabled. *Id.* at 22.

## IV. Discussion

### A. Standard for review.

The court reviews the Commissioner's final "'decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied.'" *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (citation omitted); s*ee Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). In reviewing the ALJ's opinion, "common sense, not technical perfection, is [the court's] guide." *Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1167 (10th Cir. 2012).

### B. Claimed error.

Plaintiff submits that "[s]ubstantial evidence does not support a finding that [she] is capable of understanding and following detailed instructions." Doc. 15, at 14.[2] She contends the ALJ "failed to include all of [her] impairments in her [RFC]." *Id.* She suggests the ALJ "clearly relied" upon only the second of her mental-health examinations Dr. R. Keith Green performed, while only briefly mentioning the one he performed a year

---

[2] Citations to Plaintiff's brief reflect this Court's CM/ECF pagination.

earlier.[3] *Id.* at 11. She argues "the ALJ ignored evidence demonstrating an impairment in [her] ability to maintain attention and pace . . . ." *Id.* at 15-16. She also states her abstract reasoning ability is impaired, which the ALJ overlooked. *Id.* at 16. Finally, Plaintiff points to the ALJ's statement she "resolved some doubt in" Plaintiff's favor, noting the ALJ failed to cite the testimony she credited to Plaintiff. *Id.*

Dr. Green performed two psychological consultative examinations, the first in May 2013 and the second in May 2014. AR 16, 371-73, 446-54. As Plaintiff correctly observes, the "examinations share many of the same findings." Doc. 15, at 9. As to distinctions, in the May 2013 examination, Dr. Green concluded: Plaintiff's [a]ttention and pace were impaired," "[c]oncentration and numerical reasoning were intact," "[a]bstract reasoning was impaired," "[t]he ability to retain and carry out simple, detailed and more complex instructions was intact," and "the severity of impairment of functional psychological capacity for work" was "mild to moderate." *Id.* at 371, 372. He also noted a "[g]uarded" prognosis, observing Plaintiff "has only sporadically sought out mental health services thought the years." *Id.* at 373.

For the May 2014 examination, as the ALJ noted, Dr. Green was directed to administer the Wechsler Adult Intelligence Scale, Third Edition,

---

[3] The Commissioner inadvertently identifies Dr. Green as "Dr. Keith," "Dr. Kelly," and "Dr. Kelley" in portions of her response brief. Doc. 21, at 3, 4, 6, 7.

and the Wide Range Achievement Test, Revision 3. *Id.* at 446, 16. The results of the May 2014 examination indicated intact "[a]ttention, concentration and pace." *Id.* at 448. Also intact was "[t]he ability to carry out simple, detailed and more complex instructions." *Id.* "[T]he severity of impairment of functional psychological capacity for work" was "mild to moderate." *Id.*

This time, Dr. Green also completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental), in which he concluded Plaintiff's mental impairments impacted no capabilities – including Plaintiff's ability to understand, remember, and carry out instructions, even *complex* ones. *Id.* at 452-53; 17.

In both reports, Dr. Green diagnosed Plaintiff with pain disorder that encompassed psychological factors and a general medical condition, dysthymic disorder, and a cognitive disorder. *Id.* at 372, 449. In 2013, he included a diagnosis of adjustment order with depressed mood, and in 2014 with bereavement. *Id.* The ALJ gave some weight to the medical source statement. *Id.* at 21.

In 2013, Dr. Burnard Pearce, the state agency medical consultant, concluded Plaintiff had a medically determinable mental disorder, Organic Brain Syndrome. *Id.* at 98-99. He assessed the impairment as non-severe, finding Plaintiff experienced only mild difficulties in maintaining

6

concentration, persistence, or pace. *Id.* The ALJ gave this conclusion some weight. *Id.* at 21.

The ALJ considered the "entire record." *Id.* at 19. Where the ALJ states she has considered the entire record, the reviewing court should not assume otherwise. *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) (When an "ALJ indicates [s]he has considered all the evidence[, the court's] practice is to take the ALJ 'at [her] word.'" (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007)). Here, the ALJ thoroughly discussed the medical evidence, and noted Dr. Green's 2013 examination of Plaintiff. AR 14-17, 20-21; *see Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("[A]n ALJ is not required to discuss every piece of evidence."). Plaintiff does not challenge the weight the ALJ gave to any opinion – most likely because the ALJ discounted Dr. Green's and Dr. Pearce's opinions to Plaintiff's benefit. Substantial evidence supports the ALJ's determination. *See Keyes-Zachary*, 695 F.3d at 1172 ("The ALJ, however, was free to resolve evidentiary conflicts because there is substantial evidence to support his conclusion.").

Regarding Plaintiff's curious challenge to the ALJ's crediting Plaintiff's testimony, the record reflects the ALJ acknowledged Plaintiff's subjective complaints, and, while finding her testimony "not entirely credible," she also noted she would "resolv[e] some doubt in favor of the [Plaintiff]," "in light of

7

the hearing testimony." AR 18-19, 21. The ALJ (1) found Plaintiff had moderate limitation in activities of daily living, mild limitation in social functioning, and moderate limitations in concentration, persistence and pace, despite the state agency psychological consultant's conclusion that she had a nonsevere mental impairment and (2) gave Dr. Green's 2014 Medical Source Statement only some weight, finding instead that Plaintiff had mental impairment related limitations, and reflecting the same in her RFC assessment. *Id*. The ALJ need not specifically cite the precise testimony upon which she relied. And, Plaintiff does not challenge the ALJ's credibility finding – again most likely because the RFC she formulated inured to Plaintiff's benefit. Again, substantial evidence supports the ALJ's conclusions.

## V. Conclusion.

The court affirms the Commissioner's decision.

ENTERED this 17th day November, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE